# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH M. KILPATRICK,
        Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
CB-7121-13-0181-A-1

DATE: January 16, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dennis L. Friedman, Esquire, Philadelphia, Pennsylvania, for the appellant.

Stacey Conroy, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a motion for attorney fees in connection with the Board's May 8, 2014 Final Order on the appellant's request for review of an arbitration decision. *Kilpatrick v. Department of Veterans Affairs*, MSPB Docket No. CB-7121-13-0181-V-1, Final Order (May 8, 2014) (Final Order); Attorney

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Fee File (AFF), Tab 1.  For the reasons set forth below, we GRANT the motion for attorney fees and award fees in the amount of $10,404.00.

¶2  The appellant was employed as an Information Technology Specialist, GS-12, at the agency's Philadelphia Information Technology Center.  MSPB Docket No. CB-7121-13-0181-V-1, Request for Review (RFR) File, Tab 7 at 111.  On April 2, 2009, the agency proposed the appellant's removal based on a charge of making unauthorized hardware and configuration changes to his workstation and using a password-cracking utility to make configuration changes to his workstation in violation of agency directives and its rules of behavior.  *Id.* at 90.  On May 28, 2009, the agency's deciding official sustained the charge and directed the appellant's removal effective June 5, 2009.  *Id.* at 111.

¶3  The appellant grieved his removal and the arbitrator issued her Opinion and Award, finding the penalty of removal was not within the tolerable limits of reasonableness and mitigating the removal to a 10-working day suspension.  RFR File, Tab 6 at 77-78.  The appellant filed with the Board a timely request for review of the arbitrator's decision, arguing that the arbitrator erred in not finding that:  (1) his due process rights were violated; and (2) he proved his claim of retaliation for engaging in protected equal employment opportunity (EEO) activity.  RFR File, Tab 1 at 2.  On May 8, 2014, the Board issued a Final Order that vacated the agency's removal action due to the agency's engaging in a due process violation.  *See* Final Order.  The Board affirmed the arbitrator's findings relating to the appellant's affirmative defense of retaliation for protected EEO activity.  *Id.* at 2.

¶4  On July 7, 2014, the appellant filed a motion for attorney fees with the Board requesting $14,670.00 in fees.  AFF, Tab 1 at 4, 36.  The Board issued an acknowledgment letter to the parties.  AFF, Tab 2.  The agency has not responded to the appellant's motion.

¶5  To be entitled to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that:  (1) an attorney-client relationship exists pursuant to

which counsel rendered legal services on his behalf in connection with a Board proceeding; (2) he was the prevailing party; (3) an award of attorney fees is warranted in the interest of justice; and (4) the fees requested are reasonable. *Diehl v. U.S. Postal Service*, 88 M.S.P.R. 104, ¶ 10 (2001).

Attorney-Client Relationship

¶6      The appellant has submitted a copy of the signed fee agreement which he alleges memorializes the terms of his attorney's representation during the arbitration proceedings.  AFF, Tab 1 at 11-12.  The fee agreement appears to be solely for the prior arbitration and not applicable to the Board request for review.[2] *Id*.  However, the agency has not disputed that an attorney-client relationship existed between the appellant and Dennis L. Friedman, Attorney.  Mr. Friedman filed the request for review, and there is no evidence that he withdrew his representation during the request for review.  RFR File, Tab 1 at 23.  Thus, we find the appellant has established an attorney-client relationship existed between him and Mr. Friedman.

Prevailing Party

¶7      The Board has found that a party has prevailed under a fee-shifting statute that requires prevailing party status only if the party obtained an "enforceable judgment[ ]" resulting in a "material alteration of the legal relationship" between the parties.  *Sanchez v. Department of Homeland Security*, 116 M.S.P.R. 183, ¶ 10 (2010) (quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 604 (2001)).  Here, the Board found a due process violation and directed the agency to cancel the appellant's removal and reinstate him to his Information Technology Specialist

---

[2] The retainer agreement provides that representation is limited to "all legal services performed through the completion of the arbitration hearing and the issuance of an award."  AFF, Tab 1 at 11.  The agreement also states that should the appellant "desire further legal representation, such as further administrative or judicial review or appeal, [he] shall be required to enter into another Retainer Agreement."  *Id*. at 12.  The appellant did not provide any other retainer agreement.

position.  Final Order at 10.  A plaintiff "prevails" when actual relief materially alters the legal relationship between the parties by modifying the defendant's standing in a way that directly benefits the appellant.  *Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 11 (2010).  The extent of relief that an appellant receives on his claim does not affect whether he is a prevailing party but, instead, should be considered in the analysis of whether attorney fees are warranted in the interest of justice.  *Id*.  Because the Board ordered the appellant to be reinstated and his removal cancelled, we find the appellant to be a prevailing party.

Interest of Justice

¶8      The Board has found that an attorney fee award is warranted in the interest of justice when, for example:  (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980).  The appellant argues that his motion is in the interest of justice because the agency committed a gross procedural error.  AFF, Tab 1 at 7-8.

¶9      To show that the agency committed gross procedural error that warrants recovery of fees, the appellant must show either that the agency's error severely prejudiced him or that the error prolonged the proceedings.  *Dunn v. Department of the Army*, 4 M.S.P.R. 407, 409 (1980).  A fee award under the gross procedural error category presupposes that the error provided a sufficient basis on which to overturn the action.  *Mitchell v. Department of the Navy*, 51 M.S.P.R. 103, 115 (1991).  Gross procedural error is not simply harmful procedural error such as suffices to require reversal of the agency action.  *Allen*, 2 M.S.P.R. at 435 n.36. To determine whether gross procedural error has occurred, a balance is struck

between the nature of and any excuse for the agency's error and the prejudice and burden which that error caused the appellant. *Thomas v. U.S. Postal Service*, 77 M.S.P.R. 502, 506-07 (1998). The Board has held that an agency's failure to follow the statutorily required adverse action procedures constituted gross procedural error where it refused the appellant's request to cancel the action prior to filing her appeal and continued to defend the action even after the administrative judge raised the procedural error question. *Swanson v. Defense Logistics Agency*, 35 M.S.P.R. 115, 118 (1987); *see Woodall v. Federal Energy Regulatory Commission*, 33 M.S.P.R. 127, 134 (1987) (finding gross procedural error where the agency's failure to provide adverse action rights "severely prejudiced" the appellant and outweighed the agency's reliance on case law that was subsequently reversed by the Federal Circuit).

¶10    In our prior decision, the Board found that the deciding official considered a prior incident involving the appellant as part of her review of the *Douglas* factors, but the agency never referenced that it considered the incident in determining the appropriate penalty within its removal proposal. Final Order at 6. The agency did not provide the appellant with a constitutionally correct removal procedure even after he raised the due process issue both during the arbitration proceedings and before the Board. We found the prior incident to be new and material information. *Id.* at 7. Based on this finding, we vacated the agency's disciplinary action and ordered the appellant reinstated until such time as the agency provided a constitutionally correct removal procedure. *Id.* As a result, we now find that the agency provided no explanation for the serious procedural error and that the deciding official's consideration of the incident was highly prejudicial. Because the agency failed to provide the appellant with a constitutionally correct removal procedure, we conclude that the agency committed a gross procedural error and that fees are warranted in the interest of justice.

Reasonableness of Fees

¶11     The Board assesses the reasonableness of an attorney fees request by using two objective variables, the customary billing rate and the number of hours reasonably devoted to the case. *Casali v. Department of the Treasury*, 81 M.S.P.R. 347, ¶ 9 (1999). The burden of establishing the reasonableness of the hours claimed in an attorney fee request is on the party moving for an award of attorney fees. *Id.*, ¶ 13. The party seeking an award of fees should submit evidence supporting the hours worked and exclude hours that are excessive, redundant, or otherwise unnecessary. *Id.*

¶12     To establish the appropriate hourly rate, the attorney fee application must be accompanied by a copy of the fee agreement, if one exists, as well as evidence of the attorney's customary billing rate for similar work. *Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶ 15 (2012). As noted above, the appellant has not provided a copy of the applicable fee agreement for his request for review of an arbitration award by the Board. However, the customary billing rate may be established by showing the hourly rate at which the attorney actually billed other clients for similar work during the period for which the attorney seeks fees or, if the attorney has insufficient billings to establish a customary billing rate, then by affidavits from other attorneys in the community with similar experience stating their billing rates for similar work. *Id.* The appellant has submitted evidence of his attorney's billing rate for other clients so the Board can determine the appropriate hourly rate despite the absence of a written fee agreement. AFF, Tab 1 at 19-20. The relevant market rate for the determination of reasonableness of an attorney fee request is the prevailing community rate for similar services in the community in which the attorney ordinarily practices. 5 C.F.R. § 1201.203(a)(3).

¶13     For fees to be found reasonable, legal work for which fees are requested must be shown to have significantly contributed to the success of the Board

proceeding and eliminated the need for work that would otherwise have been required in the Board proceeding. *Diehl*, 88 M.S.P.R. 104, ¶ 12. Where a party prevails on some, but not all, of his claims, the Board will consider whether the claims for relief involved a common core of facts and the degree of success obtained. *Lizut v. Department of the Navy*, 42 M.S.P.R. 3, 8 (1989) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In cases where an appellant has distinctly different claims, some of which are unsuccessful, an attorney fee cannot be awarded for services on the unsuccessful claims. *Id.*

¶14 The appellant's attorney submits that his hourly rate has been $450.00 since January 1, 2009. AFF, Tab 1 at 19. The appellant also has submitted the following documents in support of the reasonableness of this rate: a statement from his attorney summarizing his background, experience, and prior federal sector cases where he was awarded fees; a 2006 rate sheet for attorney fees from the Community Legal Services of Philadelphia; an attorney fee award from the Eastern District of Pennsylvania in 2005, granting a rate of $425 per hour; and a declaration from another local attorney stating that Mr. Friedman's hourly rate is appropriate in the Philadelphia market. *Id.* at 16-33. The appellant's attorney states in his submission that he has over 25 years of experience handling federal labor and employment matters. *Id.* at 16-18. The agency has not contested the hourly rate for the appellant's attorney. We find no evidence to support a finding that the rate was not based upon market considerations. Thus, we find the $450.00 hourly rate to be reasonable.

¶15 The appellant has claimed 26.7 hours of time on the request for review of the arbitration award and 5.9 hours on the present fee petition. *Id.* at 13-15. Although we discern no padding, not all hours claimed are reasonable and recoverable during this proceeding. As a general rule, fees may be awarded for work in a related proceeding. However, they are only awardable where the work done in other proceedings, or some discrete portion thereof, significantly contributed to the success of the subsequent Board proceeding and eliminated the

need for work that otherwise would have been required. *Sowa v. Department of Veterans Affairs*, [96 M.S.P.R. 408](), ¶ 16 (2004).

¶16 The entries for February 13 and February 14, 2013, reference email communications with the arbitrator regarding the arbitration award. AFF, Tab 1 at 13. These entries are related to the arbitration proceeding and not to the appellant's request for review as the arbitrator did not issue her decision until February 13, 2013. RFR File, Tab 6 at 78. There is no indication that these 2.0 hours of billable time significantly contributed to the success of the request for review or eliminated any work that was otherwise required. Therefore, we deduct these 2.0 hours from the appellant's claim for fees.

¶17 The 0.2 hour entry for April 4, 2013, references the Board's notification that materials cannot be submitted by compact disc and must be submitted in paper format. AFF, Tab 1 at 14; RFR File, Tab 2. The Board notified the appellant of the required submissions for a request for review of an arbitrator's award. RFR File, Tab 2. On April 11, 2013, the appellant submitted new materials and billed the appellant for 1.5 hours of work. AFF, Tab 1 at 14. If the appellant had properly submitted the materials initially, these 1.7 hours would be unnecessary. Because these hours are otherwise unnecessary had the initial documentation been properly submitted, we deduct these 1.7 hours from the appellant's claim for fees. With these reductions, the total hours submitted by the appellant equal 28.9 hours.

¶18 In the appellant's request for review, the appellant raised two separate claims: (1) that the arbitrator erred in not finding that the appellant's due process rights were violated; and (2) that the appellant proved his claim of retaliation for engaging in protected EEO activity. RFR File, Tab 6 at 9. The Board found that the agency did violate the appellant's due process rights but affirmed the arbitrator's determination that the appellant failed to prove his affirmative defense of retaliation for protected EEO activity. Final Order at 10. The two claims do not share the same legal or factual basis. Though the appellant's

retaliation claim appears to have been raised in good faith and the appellant obtained reinstatement on his other claim, we find that the work on the retaliation claim did not contribute to his success in the request for review and that the fee award should be reduced to reflect the failure of this claim. *See Diehl*, 88 M.S.P.R. 104, ¶ 14 (reducing fee award for unsuccessful claims of breach based on discrimination and reprisal where the appellant's petition for enforcement resulted in a finding of noncompliance with the nondisclosure provision of a settlement agreement); *see also Lizut*, 42 M.S.P.R. at 9 (reducing fee award to reflect the failure to obtain relief in the form of return of the appellant's security clearance or a finding of reprisal where the appellant's petition for enforcement resulted in an order directing the agency to pay back pay). When a reduction of fees is warranted because a party failed to succeed on a particular claim, the reduction may be made either by identifying the hours associated with the unsuccessful claim or by simply reducing the award to account for the limited success. *Diehl*, 88 M.S.P.R. 104, ¶ 15. In the present appeal, we are unable to determine the hours performed on the separate claims. AFF, Tab 1 at 13-15. Therefore, we find that a reduction of the award by 20 percent is appropriate based on the appellant's failure to prove his defense of retaliation. *See Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 29 (2011) (reduction of fees by 25 percent for appellant's limited success in appeal was appropriate to account for her limited success on her removal appeal and her unsuccessful discrimination and retaliation claims).

¶19     After reducing the hours itemized above and adjusting the fee for the failed retaliation claim, we find that the appellant is entitled to a fee award of 23.12 hours at $450.00 per hour for a total award of $10,404.00.

## ORDER

We ORDER the agency to pay the attorney of record $10,404.00 in fees. The agency must complete this action no later than 20 days after the date of this

decision. *See generally* Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

This the final order of the Merit Systems Protection Board in this motion for attorney fees. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.